| | |
|---|---|
| RODERIC M. WRIGHT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIDNEY W. JACKSON, III, et al., <br><br> Defendants. | Case No.:  3:17-cv-01694-L-MDD <br><br> **ORDER GRANTING DEFENDANTS' MOTION [Doc. 12] TO DISMISS** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pending before the Court is Defendants' motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction.  (MTD [Doc. 12].)  Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument.  For the reasons stated below, the Court **GRANTS** Defendants' motion.

//
//
//
//
//
//
//
//

1

## I. BACKGROUND

This case is a malpractice claim brought by California based plaintiffs ("Plaintiffs") against an Alabama based attorney named Sidney W. Jackson III ("Jackson") who Plaintiffs engaged to represent them in litigation that took place in Florida. In addition to Jackson, Plaintiffs have named as defendants Jackson's law firm and two Florida based court reporters who recorded depositions taken in Florida.

One of Jackson's colleagues referred Plaintiffs to him. In the course of representing Plaintiffs, Jackson emailed them a retainer agreement and sent and received emails, phone calls, and physical mail to and from California. Plaintiffs do not allege any additional contacts with California undertaken by Jackson or any of the other defendants in this action. Defendants now move to dismiss Plaintiffs' complaint for lack of personal jurisdiction. (MTD [Doc. 12].) Plaintiffs oppose. (Opp'n [Doc. 14.])

## II. LEGAL STANDARD

Where a defendant moves to dismiss for lack of personal jurisdiction, it "is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001) (*citing Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984), cert. denied 470 U.S. 1005 (1985)). To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Id.* Although the plaintiff cannot "simply rest on the bare allegations of the complaint," uncontroverted allegations contained in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Furthermore, conflicts between the parties contained in affidavits must be resolved in the plaintiff's favor. *Id.*

A district court has personal jurisdiction over a defendant only if a statute authorizes jurisdiction and the assertion of jurisdiction does not offend due process. *Unocal*, 248 F.3d at 922. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district

court sits." *Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006); see also Fed. R. Civ. P. 4(k)(1)(a). Because California's long-arm statute is coextensive with federal due-process requirements, the jurisdictional analyses under state and federal law are the same. *Yahoo!, Inc.*, 433 F.3d at 1205; Cal. Civ. Proc. Code § 410.10.

Absent traditional bases for personal jurisdiction (i.e. physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, where, as here, there is no physical presence, domicile, or consent, jurisdiction exists only if: (1) the defendant purposefully availed himself of the privilege of conducting activities in the forum or purposely directs his activities at the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (*citing Cybershell, Inc. v. Cybershell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)). Plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If plaintiff succeeds in satisfying both prongs, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### III. DISCUSSION

The purposeful availment prong of the specific jurisdiction analysis is dispositive here.[1] "Purposeful availment requires that the defendant have performed some type of affirmative conduct which allows or promotes the transaction of business within the

---

[1] For this reason, the Court need not reach Defendants' Fed. R. Civ. P. 12(b)(5) argument.

forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (internal citations and quotation marks omitted). Defendants cite to *Sher* for the proposition that their contacts with California are insufficient to constitute purposeful availment.

In *Sher*, a California resident named Sher contacted a Florida based attorney to represent him in litigation in Florida. *Sher*, 911 F.2d at 1360. During the course of this litigation, Sher executed a retainer agreement in California; the Florida based attorney made and received phone calls and physical mailings to and from California; and the attorney made three trips to California. *Id.* Sher later filed a malpractice claim in the Central District of California against the Florida attorney based on that attorney's representation of him in the Florida litigation. *Id.* The Ninth Circuit affirmed the district court's dismissal for want of personal jurisdiction, reasoning that these contacts with California did not amount to purposeful availment. *Id.* at 1366.

Here, the only contacts Plaintiffs allege Defendants made with California consist of the following: (1) Defendant Jackson forwarded via email to Plaintiff, who was in California at the time, an Attorney Representation Agreement and (2) Defendants sent and received some calls, emails, and physical mail to and from Plaintiff while Plaintiff was in California. These facts are identical to those of *Sher* except that, unlike in *Sher*, Defendants here never made physical trips to California. Because the present facts are thus weaker than those found insufficient by the Ninth Circuit in *Sher* to constitute purposeful availment, it follows that this Court lacks personal jurisdiction over Defendant Jackson. Because Plaintiffs do not allege that the other defendants made more substantial contacts with California than did Jackson, the Court finds it also lacks personal jurisdiction over them.

//
//
//
//
//

4

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: May 22, 2018

_____
Hon. M. James Lorenz
United States District Judge